■ GEORGE R. MORRIS, JR., Appellant, v GEORGE R. MORRIS, SR., et al., Respondents. [763 NYS2d 622] —In an action, inter alia, to recover damages for misappropriation of corporate funds for personal use, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated December 18, 2001, which granted the defendants' motion to dismiss the complaint, granted that branch of the defendants' separate motion which was for an award of costs, denied his cross motion to disqualify the defendants' counsel, and denied his separate cross motion which was for the appointment of a temporary receiver, and (2) an order and judgment (one paper)

of the same court entered March 19, 2002, which granted the defendants' motion to dismiss the complaint, granted that branch of the defendants' separate motion which was for an award of costs, denied his cross motion to disqualify the defendants' counsel, denied his separate cross motion which was for the appointment of a temporary receiver, awarded costs, and dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment is modified, on the law, the facts, and as a matter of discretion by (1) deleting the provision thereof granting those branches of the defendants' motion which were to dismiss the first and second causes of action and substituting therefor a provision denying those branches of the motion, (2) deleting the provision thereof denying the cross motion to disqualify the defendants' counsel and substituting therefor a provision granting that cross motion, and (3) deleting the provisions thereof granting that branch of the motion which was for an award of costs and awarding costs, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, the first and second causes of action are reinstated, and the order dated December 18, 2001, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant George Ronald Morris, Sr. (hereinafter Senior), is a nuclear physicist who founded Magnetic Resonance Equipment Corporation (hereinafter MREC) in 1990. He gave his son, the plaintiff, George Ronald Morris, Jr. (hereinafter Junior), a 3.96% interest in the company while he retained 85.14% ownership. The remaining interest was divided between two nonparties. Junior worked for MREC from 1993 to March 2000. In April 2000 MREC was sold to another corporation.

Junior commenced this action against the defendants asserting, inter alia, that Senior dissipated MREC's assets, used corporate assets for personal use, used corporate assets to purchase property for his other companies, and diverted business opportunities belonging to MREC to his other companies. Thereafter, the defendants moved to dismiss the complaint

pursuant to CPLR 3211 (a) (1) and (7), and separately moved, inter alia, for an award of costs, and Junior cross moved, inter alia, to disqualify the defendants' counsel. The Supreme Court, inter alia, granted the motion to dismiss, awarded costs, and denied that branch of the cross motion which was to disqualify the defendants' counsel.

In determining whether a complaint is sufficient to withstand a motion pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). The court must accept the facts alleged in the complaint to be true and determine only whether the facts alleged fit within any cognizable legal theory (*see Dye v Catholic Med. Ctr. of Brooklyn & Queens,* 273 AD2d 193 [2000]). However, bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference (*see Doria v Masucci,* 230 AD2d 764 [1996]). "When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether [he or] she has stated one" (*see Meyer v Guinta,* 262 AD2d 463, 464 [1999]). Likewise, to succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see Trade Source v Westchester Wood Works,* 290 AD2d 437 [2002]).

Applying these principles, it was error for the Supreme Court to have dismissed the first cause of action to the extent it alleged a misappropriation of corporate funds for personal use as well as the second cause of action alleging a diversion of corporate assets and business opportunities. The documentary evidence submitted by the defendants failed to establish a defense to these causes of action as a matter of law (*see Leon v Martinez,* 84 NY2d 83, 88 [1994]). However, we agree with the Supreme Court that the third derivative cause of action should have been dismissed as the documentary evidence conclusively established that the corporate funds were loaned to Senior at a reasonable rate of interest.

The remaining five causes of action, all asserted in Junior's individual capacity, were properly dismissed. Junior's assertion in the fourth cause of action of a 1990 oral promise that he would receive additional stock at some future unspecified time is refuted by the documentary evidence, and, in any event, is

barred by the statute of frauds. The fifth cause of action was properly dismissed for Junior's failure to plead the requisite elements of a constructive trust, and, in addition, the documentary evidence conclusively negates any claim of a transfer or unjust enrichment. The sixth and seventh causes of action were properly dismissed as their continued viability was dependent on the claims to the additional stock, which correctly were rejected by the Supreme Court. Finally, the allegations comprising the eighth cause of action are so vague and lack such specificity as to provide inadequate notice of the claimed transactions and material elements of Junior's alleged claim.

The Supreme Court erred in denying Junior's cross motion to disqualify the defendants' counsel. "One who has served as attorney for a corporation may not represent an individual shareholder in a case in which his interests are adverse to other shareholders" (*Matter of Greenberg,* 206 AD2d 963, 965 [1994]; *see also Schmidt v Magnetic Head Corp.,* 101 AD2d 268 [1984]). Here, Junior established that Wickham, Wickham & Bressler, the firm representing the defendants in this action, had served for many years as corporate counsel to MREC, and provided services in connection with the transactions underlying the derivative claims. Therefore, Senior's interests were adverse to those of MREC and the other shareholders. Under these circumstances, the Supreme Court should have disqualified the defendants' counsel from continued representation on the derivative causes of action (*see e.g. Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131 [1996]).

Under the circumstances of this case, it was an improvident exercise of discretion for the Supreme Court to grant that branch of the defendants' motion which was for an award of costs.

Junior's remaining contentions are without merit. Ritter, J.P., S. Miller, Schmidt and Adams, JJ., concur.