◼ JORJILL HOLDING LTD., Respondent, v GRIECO ASSOCIATES, INC., Appellant. [775 NYS2d 75]—

In an action for specific performance of an option to purchase real property, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 3, 2002, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On June 14, 1999, the parties executed an "Option Contract to Buy Real Estate" (hereinafter the option), wherein the plaintiff agreed to purchase from the defendant certain undeveloped property in the City of White Plains. Under the terms of the option, the plaintiff was authorized to "act as Contract Vendee for the property and make all appropriate applications to the City of White Plains for subdivision and building permits on the property."

Although the plaintiff had 12 months from the date of the option to obtain subdivision approval from the City of White Plains, the plaintiff could renew the option for two additional 12-month periods provided that it furnished the defendant with bi-annual reports regarding the progress of the subdivisions, and pay all property tax assessments on the properties for each year that the option was renewed. However, paragraph 5 of the option provided, inter alia, that in the event that the plaintiff was "unable to secure subdivision approval for at least 12 lots (60 x 100) or greater or 13 lots (50 x 100) or greater the subdivision contingency shall fail and the contract shall be void."

The plaintiff applied for subdivision approval within the initial 12-month period and renewed the option period for an additional 12 months while its subdivision application was still pending. Although the plaintiff exercised its right to renew the option for the second additional 12-month period, the plaintiff later attempted to waive the subdivision contingency set forth in paragraph 5 of the option before the expiration of the second renewal period and commenced this action for specific performance. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and the Supreme Court denied the motion. We reverse.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the facts alleged in the complaint as true and determine whether those facts set forth state a cause of action (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Morris v Morris*, 306 AD2d 449, 451 [2003]). However, where the movant submits evidentiary material, a court must then determine whether the proponent of the pleading has a cause of action (*see Morris v Morris, supra; Meyer v Guinta*, 262 AD2d 463, 464 [1999]).

"To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Teitler v Pollack & Sons*, 288 AD2d 302 [2001]; *see Leon v Martinez, supra; Morris v Morris, supra; Trade Source v Westchester Wood Works*, 290 AD2d 437, 438 [2002]). Further, the issue of whether or not a writing is ambiguous is a question of law to be resolved by the courts, and a clear and complete writing will be enforced according to its terms (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]). Paragraph 5 of the option clearly and unambiguously provided that "the subdivision contingency shall fail and the contract shall be void" if the plaintiff was "unable to secure subdivision approval for at least 12 lots (60 x 100) or greater or 13 lots (50 x 100) or greater."

The plaintiff did not obtain subdivision approval within the required time frame and thus was not entitled to exercise the option to purchase the subject property since it failed to strictly adhere to its terms (*see generally O'Rourke v Carlton,* 286 AD2d 427 [2001]). Moreover, the plaintiff could not unilaterally waive the subdivision approval condition set forth in the option, as said condition was not inserted solely for its benefit (*cf. W.W.W. Assoc. v Giancontieri, supra; Laxrand Constr. Corp. v R.S.C.A. Realty Corp.,* 135 AD2d 685, 686 [1987]; *BPL Dev. Corp. v Cappel,* 86 AD2d 591 [1982]). The language of the option clearly provided that the contract would be "void" and that "neither party shall have any action against the other by reason of this Agreement" if the plaintiff failed to obtain the necessary subdivision approval.

Thus, the Supreme Court erred in denying the defendant's motion to dismiss the complaint. Goldstein, J.P., H. Miller, Adams and Cozier, JJ., concur.