STONE RIDGE COUNTRY PROPERTIES CORPORATION, Respondent, v MOHONK OIL COMPANY, INC., et al., Defendants, and W.R. BERKLEY CORPORATION, Appellant. [923 NYS2d 282]—

Malone Jr., J. Appeal from an order of the Supreme Court (Gilpatric, J.), entered February 16, 2009 in Ulster County, which, among other things, denied a motion by defendant W.R. Berkley Corporation to dismiss the complaint against it.

In November 2006, defendant James Owens, an employee of defendant Mohonk Oil Company, Inc., attempted to deliver fuel oil to a house on property owned by plaintiff, but was told by people working there that the heating system was under construction and that acceptance of oil was not possible that day. Owens returned to the property the following day and, after finding no one around, proceeded to fill the fuel oil tank. The oil flowed out of the tank and seeped into the rock, soil and groundwater under the house. Consequently, plaintiff commenced this action against Mohonk and Owens, as well as Mohonk's automobile liability insurer, defendant StarNet Insurance Company, and defendant W.R. Berkley Corporation (hereinafter Berkley).

In a pre-answer motion to dismiss, Berkley alleged that plaintiff had failed to state a cause of action against it, arguing, among other things, that because it did not issue a liability in-

surance policy to Mohonk, it cannot be liable under the Navigation Law for damages related to the oil discharge. In response, plaintiff alleged, with some evidentiary proof, that Berkley was the ultimate parent company of StarNet and, by virtue of that relationship to the insurer, Berkley was likewise liable for damages. Based upon this allegation, Supreme Court concluded that plaintiff had stated a cause of action against Berkley and denied the motion to dismiss. Berkley appeals.

"When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . the benefit of every possible favorable inference" (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005] [internal quotation marks and citation omitted]). Here, based upon Berkley's status as the ultimate parent company of StarNet, plaintiff seeks to hold Berkley liable for damages resulting from the oil spill as either an insurer or as a "person providing evidence of financial responsibility" (Navigation Law § 190). While generally a parent corporation's liability cannot be based solely upon its ownership of a subsidiary, here, plaintiff has alleged sufficient facts indicating " 'direct intervention by [Berkley] in the management of [StarNet] to such an extent that [StarNet's] paraphernalia of incorporation' " may be ignored (*SUS, Inc. v St. Paul Travelers Group*, 75 AD3d 740, 743 [2010], quoting *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980]). Whether plaintiff will ultimately be successful on its claims against Berkley " 'is not part of the calculus in determining a motion to dismiss' " (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d at 591, quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Accordingly, Supreme Court properly denied Berkley's motion to dismiss the complaint against it.

Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.