OPINION OF THE COURT
Jeffrey S. Brown, J.
Plaintiff, M. Pierre Rafiy (Rafiy) and counterclaim defendant Agulnick & Gogel, LLC (Agulnick & Gogel), move for an order:
(1) pursuant to CPLR 3212, granting them partial summary judgment with respect to the fourth counterclaim as asserted against Agulnick & Gogel; and,
(2) for a declaratory judgment that the continued paid membership of William A. Gogel and Barry W. Agulnick of Agulnick & Gogel in the Cedarbrook Club does not constitute a legal conflict of interest and does not require their withdrawal from the representation of the plaintiff or counterclaim defendant, Agulnick & Gogel.
Defendants, John Kourosh Javaheri, Anoushirouvan Javaheri, Parviz Lavi, Sioune Javaheri, Behie Javaheri, Madelin Lavi, Angela Lavi Mottahedeh, Edmond Lavi and Edi Lavi (collectively referred to herein as the Javaheri defendants) cross-move for an order, inter alia:
(1) pursuant to 22 NYCRR 1200.0, disqualifying Agulnick & Gogel, LLC as attorneys for plaintiff M. Pierre Rafiy;
(2) dismissing the plaintiffs causes of action; and,
(3) requiring the Cedarbrook Club, Inc., Old Cedar Development Corp. and Agulnick & Gogel, LLC to disclose evidence of payment from the corporations to Agulnick & Gogel, LLC for its services in this matter.
Plaintiff, Rafiy, also moves, pursuant to CPLR 3025 (b), for an order granting him leave to amend his complaint.
The motions are determined as herein set forth below.
As best as can be determined from the papers submitted herein, the facts are as follows:
Defendant, the Cedarbrook Club, Inc. (the Club) is a not-for-profit New York corporation. The Club obtains its revenue from the operation of the golf course, restaurant and related facilities which it leases from the Old Cedar Development Corp. (Old *737 Cedar). Since 1987, M. Pierre Rafiy has been and continues to be the actual owner and holder of record of 24 capital certificates of the Club, which represent at least five percent of the Club’s shares. Apparently, plaintiff and his wife, counterclaim defendant, Yvette Rafiy, also own 24 shares of Old Cedar stock, making them the single largest individual shareholders in Old Cedar (Javaheri defendants verified answer K 142).
At all relevant times, defendant Javad Khavarian was the president of the Club. Defendants John Kourosh Javaheri, Anoushirouvan Javaheri and Parviz Lavi were its directors.
In his sworn affidavit, plaintiff states that upon his demand, a resolution was adopted by a majority of the board of directors and shareholders of the Club to commence a derivative action to recover the financial damages incurred due to the Javaheri defendants’ neglect and failure to perform their duties in the management and oversight of the funds and property of the Club. Among the items claimed which constituted mismanagement and/or failure included, inter alia, defendants’ failure to supervise the hiring of defendant Javad Khavarian’s son, K. James Khavarian, as the operation manager of the Club and defendants’ hiring, without board approval, of defendant Joel Goldman as the corporate accountant, who was later prosecuted and convicted of stealing at least $79,500 from the Club’s account. Plaintiff claims that no effort was made to recover these funds.
In his verified complaint, Rafiy states that he “brings this action as a member of [the defendant Club] on behalf of himself and all other members of The Club similarly situated, and in the right of [the Club]” (verified complaint 11 3). He also claims that “[t]his action is commenced pursuant to a resolution of the Board of Directors of the Cedarbrook Club, Inc” (id. 1Í 21).
The complaint asserts 14 causes of action as follows: a derivative action against all named defendants in the first cause of action; fraud, conversion, and breach of fiduciary duty against defendant K. James Khavarian in the second, third and fourth causes of action, respectively; fraud, conversion and breach of fiduciary duty against defendant Joel Goldman in the fifth, sixth and seventh causes of action, respectively; fraud, conversion and breach of fiduciary duty against defendant Frank DeRosa in the eighth, ninth and tenth causes of action, respectively; and, breach of fiduciary duty, breach of contract, negligence and conversion against defendant Astoria Federal Savings in the eleventh, twelfth, thirteenth and fourteenth causes of action, respectively.
*738 Defendants John Kourosh Javaheri, Anoushirouvan Javaheri and Parviz Lavi, in turn, assert five counterclaims to the effect that Rafiy solicited, conspired with and/or engaged Yvette Rafiy, Daniel Rafiy, Daniel Abdul, Harvey Manes, Nejatolah Sassouni, David Rafiy, Sandra Rafiy-Layne, Michael G. Levin, David Lennon, Lennon & Klein, P.C. and Agulnick & Gogel, LLC to actively participate in fraudulent acts “against Old Cedar and/or The Club and against [them].” The counterclaim plaintiffs also allege that Rafiy “has permitted the use and enjoyment of Old Cedar and/or The Club facilities by Agulnick & Gogel, LLC, its members, partners, officers and/or employees, without payment of dues and/or by paying reduced fees” without the authorization of either Old Cedar or the Club.
In bringing this suit, Agulnick & Gogel, LLC represent plaintiff Rafiy, an individual shareholder, against inter alia, the Javaheri defendants and other shareholders of the corporation.
Initially, it is noted that as pleaded by the plaintiff, the entirety of the action is derivative in nature. In fact, Rafiy states, in his sworn affidavit dated May 7, 2011, that the action was brought on “behalf of the corporation” and he is “not seeking any private gain or profit.”
In New York State courts, a derivative action is governed by Business Corporation Law § 626, which lays out the general rules and procedures for a derivative action. The elements of a cause of action advanced pursuant to Business Corporation Law § 626 are: the plaintiff must be a shareholder at the time the action is brought, and must have been a shareholder at the time of the transaction in question; a demand, unless excused, must be made on the board prior to filing; and the complaint must set forth with particularity the efforts of the plaintiff to make demand, and if demand was not made, the reasons for not doing so (Marx v Akers, 88 NY2d 189 [1996]).
Generally, corporations have an existence separate and distinct from that of their shareholders (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152 [1980]), and an individual shareholder cannot secure a personal recovery for an alleged wrong done to a corporation (Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn., 58 AD2d 177 [4th Dept 1977]; Empleton v D’Elia Gemstones Corp., 46 AD2d 751 [1st Dept 1974]).
A shareholder derivative action is a lawsuit brought by one or more shareholders on behalf of a corporation to remedy or prevent a wrong to the corporation. In a proper shareholder de *739 rivative suit, although the shareholder initially brings the derivative claim, he acts solely in a representative capacity; ultimately, the claim belongs to the corporation, and any recovery— either by way of judgment or settlement — belongs to the corporation (Kamen v Kemper Financial Services, Inc., 500 US 90, 95 [1991]). As the Court of Appeals has repeatedly stated, “[t]he remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; recovery must enure to the benefit of the corporation” (Isaac v Marcus, 258 NY 257, 264 [1932]; see also Marx v Akers, 88 NY2d 189, 193 [1996]).
Because the plaintiff shareholder in a derivative action stands in the place of the corporation, the shareholder may not assert rights belonging to the corporation beyond those that the corporation might have asserted on its own behalf (Abrams v Donati, 108 AD2d 704, 705 [1st Dept 1985], affd 66 NY2d 951 [1985]). The fact that an individual closely affiliated with a corporation (for example, a principal shareholder, or even a sole shareholder) is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation (Blum v Whitney, 185 NY 232 [1906]).
Furthermore, inasmuch as generally only the board of directors is empowered to commence litigation on behalf of the corporation, prior to commencing a derivative suit, the shareholder, as such, must make a demand upon the board of directors, listing the allegations he wishes the board to pursue (Continental Sec. Co. v Belmont, 206 NY 7, 19 [1912]). In response to the demand, the board can decide to commence a lawsuit on behalf of the corporation or to inform the shareholder that its demand is being refused. While the directors are under no obligation to go forward with litigation, they do have a fiduciary duty to consider carefully, and often investigate, the claims raised by the shareholder. When demand is refused, the shareholder making the demand may file a derivative lawsuit on behalf of the corporation to remedy or prevent a wrong to the corporation (Marx v Akers, 88 NY2d 189 [1996], supra; Myer v Myer, 271 App Div 465 [1st Dept 1946]). Shareholders may avoid the demand requirement by establishing that demand is futile (Bansbach v Zinn, 1 NY3d 1 [2003], rearg denied 1 NY3d 593 [2004]; MacKay v Pierce, 86 AD2d 655 [2d Dept 1982]).
In this case, the evidence is clear and uncontroverted. In his affidavit, plaintiff explicitly details how this action was com *740 menced “based upon my demand on the Board and a Resolution of a majority of the Directors and Shareholders of The Cedar-brook Club, Inc.” Plaintiffs reliance upon the resolution and his admission that the corporation approved his demand to seek redress against the Javaheri defendants by passing a resolution authorizing the commencement of an action against them flies in the face of his claim that he did not commence this action on his own behalf. The approval of plaintiffs demand precludes a derivative suit which, as stated above, requires: (1) that a demand be made (or futility of a demand demonstrated); and (2) the corporation’s refusal to take action on the demand (Flynn v Brooklyn City R.R. Co., 158 NY 493 [1899]).
Furthermore, by virtue of the board of directors of the corporations paying for and retaining the services of Agulnick & Gogel to commence this action, it is plain that the corporations have moved to take action upon the demand made by the individual shareholder, Rafiy (Gogel aff 1Í 8). Rafiy cannot, therefore, commence this action.
Insofar as plaintiff relies upon Not-For-Profit Corporation Law §§ 623 and 720, which authorize commencement of a derivative suit for shareholders with five percent or more of the shares, as authority for the commencement of this action, said reliance is misplaced. To sustain a derivative action under these statutes, plaintiff is nonetheless required to demonstrate that a demand was made and the corporations refused to take action upon the demand (Continental Sec. Co. v Belmont, 206 NY 7, 19 [1912], supra; Tomczak v Trepel, 283 AD2d 229 [1st Dept 2001], lv dismissed in part and denied in part 96 NY2d 930 [2001]). The plaintiff has failed to do so.
Therefore, and as the entirety of this action is derivative in nature, this court finds that plaintiff has failed to assert any cause of action on behalf of the corporation as required for a proper shareholder derivative suit.
Accordingly, that part of the Javaheri defendants’ motion seeking a dismissal of plaintiffs causes of action is granted in its entirety. The entire suit fails.
Insofar as plaintiff moves by separate motion for an order pursuant to CPLR 3025 (b) granting him leave to amend his first cause of action to include a recitation that pursuant to plaintiffs demand on February 22, 2009, a majority of the board of directors and shareholders of the Club adopted a resolution to commence this action, said motion is denied in its entirety.
*741 While amendment of a pleading should be freely granted (CPLR 3025 [b]), it may be denied where the proposed amended cause of action plainly lacks merit (Lucido v Mancuso, 49 AD3d 220, 221-222 [2d Dept 2008]). Here, the proposed amendment, to reflect the proposed language, plainly lacks merit as it would not serve to save the claims asserted on behalf of the individual plaintiff. As stated above, and as plaintiff readily admits, the Club, on whose behalf plaintiff is presumably suing, ceded to plaintiffs demand and authorized the commencement of this action.
Accordingly, this court herewith dismisses plaintiffs suit in its entirety and orders that all counterclaims be severed and continued.
In that regard, plaintiff Rafiy’s and counterclaim defendants Agulnick & Gogel’s motion for partial summary judgment dismissing the fourth counterclaim asserted by John Kourosh Javaheri, Anoushirouvan Javaheri and Parviz Lavi for unjust enrichment as to Agulnick & Gogel is denied as moot.
William Gogel, a partner in the law firm of Agulnick & Gogel, LLC, states in his sworn affidavit, in pertinent part, as follows:
“8. On July 14, 2009, the law firm of Agulnick & Gogel, LLC was retained by Cedarbrook Club, Inc. and Old Cedar Development Corp. to commence an action to recover for breach of contract, an accounting for lost and diverted profits against certain shareholders and former employees of Old Cedar Development Corp. and the Cedarbrook Club, Inc.”
Apparently, at some point after July 14, 2009, Barry W. Agulnick and William A. Gogel each joined as paying members of the Cedarbrook Gold Club which is owned/operated by Old Cedar and the Club.
The fourth counterclaim sounding in unjust enrichment alleges that “Agulnick & Gogel, LLC, failed to provide Old Cedar with consideration for the receipt of such services, use and enjoyment” causing damage to Old Cedar.
However, on March 18, 2011, Agulnick & Gogel, LLC (by William A. Gogel), attorneys pro se, and the Scher Law Firm, LLP (by Christopher G. Kirby, Esq.), attorneys for the Javaheri defendants/counterclaim plaintiffs, entered into a stipulation pursuant to which:
“2. The Defendants/Counterclaim Plaintiffs John Kourosh Javaheri, Anoushirouvan Javaheri and Par-viz Lavi (‘Javaheri Defendants/Counterclaim Plain *742 tiffs’) agree that Mr. Gogel’s and/or Mr. Agulnick’s membership in the Cedarbrook Club, Inc., and their payment of dues and fees in accordance with the usual and customary individual membership obligations, does not constitute a conflict of interest for Mr. Gogel, Mr. Agulnick or Agulnick & Gogel, LLC, in their representation of the parties to this Action, nor shall it give rise to a conflict of interest so long as Mr. Gogel and Mr. Agulnick have paid the usual and customary dues and fees to continue to do so during their period of membership.” (Plaintiff’s reply, exhibit B [stipulation], 1i 2.)
A stipulation is a contract which will be enforced in accordance with its specific terms (Ross v Ross, 16 AD3d 713 [3d Dept 2005]; McKenzie v Vintage Hallmark, 302 AD2d 503 [2d Dept 2003]; Charter Realty & Dev. Corp. v New Roc Assoc., 293 AD2d 438 [2d Dept 2002]). Here the stipulation clearly resolves the issue upon which the Javaheri defendants predicate their fourth counterclaim — i.e., the full and complete payment by Agulnick and Gogel of the dues associated with membership and use of facilities of the Club. In light of the foregoing agreement, plaintiffs motion for summary judgment with respect to the fourth counterclaim is denied as moot.
Notably, the stipulation entered into between the parties states, in pertinent part, that
“Mr. Gogel’s and/or Mr. Agulnick’s membership in the Cedarbrook Club, Inc., and their payment of dues and fees in accordance with the usual and customary individual membership obligations, does not constitute a conflict of interest for Mr. Gogel, Mr. Agulnick or Agulnick & Gogel, LLC, in their representation of parties to this Action, nor shall it give rise to a conflict of interest so long as Mr. Gogel and Mr. Agulnick have paid the usual and customary dues and fees and continue to do so during their period of membership” (stipulation 1Í 2).
Therefore, plaintiff’s application for a declaratory judgment that the continued paid membership of William A. Gogel and Barry W Agulnick of Agulnick & Gogel, LLC in the Cedarbrook Club does not constitute a conflict of interest, is also denied as moot. Having said that, this court points out that awarding this declaratory relief is rendered academic in light of this court’s granting of Javaheri defendants’ application to disqualify Agulnick & Gogel as attorneys for Rally, infra.
*743 As stated above, in his affidavit, William A. Gogel states that Agulnick & Gogel, LLC “was retained by Cedarbrook Club, Inc. and Old Cedar Development Corp.” to commence the instant action. That is, the law firm was retained by both corporations and not by the plaintiff, individually. Thus, an attorney-client relationship existed between that firm and the corporations since July 2009. As the attorneys for the Club and Old Cedar since July 2009, Agulnick & Gogel were and are required to represent the corporations and the interests of all of the shareholders in the corporations (cf. Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187 [2d Dept 1988]). Therefore, Agulnick & Gogel, LLC cannot commence a purported shareholder derivative suit on behalf of an individual shareholder where the interests of that shareholder are adverse to the interests of the remaining shareholders (Morris v Morris, 306 AD2d 449 [2d Dept 2003]; Matter of Greenberg [Madison Cabinet & Interiors], 206 AD2d 963 [4th Dept 1994]; Schmidt v Magnetic Head Corp., 101 AD2d 268 [2d Dept 1984]). Here, Agulnick & Gogel, LLC purports to represent plaintiff Rafiy, an individual shareholder against other shareholders of the corporations. Rally’s interests are adverse to the interests of the other shareholders of the corporation.
Inasmuch as plaintiff contends that Agulnick & Gogel was retained solely for the purposes of commencing this litigation, the law firm is nonetheless disqualified for its apparent conflict of interest. Putting aside the fact that this court has already determined that the entire action is improperly advanced as a shareholder derivative suit and dismissed plaintiffs claims in their entirety, supra, there is no dispute in this action that Agulnick & Gogel, LLC was hired to further the corporations’ interests and represent the corporations in pursuing this litigation. The attorney-client relationship existed between the corporations and the law firm for more than one year prior to the commencement of this action. It cannot now represent the plaintiff in a derivative action against, among others, the corporations themselves. Nor can it represent one group of shareholders against another (Morris v Morris, supra; Schmidt v Magnetic Head Corp., supra).
Rule 1.9 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) states as follows:
“Rule 1.9: Duties to former clients.
“(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another *744 person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.”
A party seeking to demonstrate a conflict of interest and disqualify an attorney or law firm must establish (1) the existence of a prior attorney-client relationship and (2) that the former and current representations are both adverse and substantially related (Mancheski v Gabelli Group Capital Partners, Inc., 22 AD3d 532, 534 [2d Dept 2005], citing Solow v Grace & Co., 83 NY2d 303, 308 [1994]). Under such circumstances, the presumption of disqualification is irrebuttable.
It is a conflict of interest for an attorney to represent one party in a lawsuit against an opponent who is the attorney’s former client in the same or a substantially related matter (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9).
One who has served as attorney for a corporation may not represent an individual shareholder in a case in which his interests are adverse to other shareholders (Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187 [1988], supra). A conflict exists where an attorney has represented both a corporation and an individual shareholder in a derivative action against other shareholders of the corporation (Morris v Morris, 306 AD2d 449 [2003], supra).
Here, the Javaheri defendants have established that Agulnick & Gogel formerly (and currently) represent the corporations Old Cedar and the Club. Subsequently, Agulnick & Gogel’s representation of Rafiy in this shareholder derivative suit in which plaintiff Rafiy alleges, inter alia, that the Javaheri defendants committed breaches of fiduciary duty and misappropriated corporate funds, is plainly improper. The adverse interests of the former and current representations are self-evident. Agulnick & Gogel is now in a conflict of interest with its prior clients, the corporations, and the shareholders of the corporations (Bianchi v Mille, 266 AD2d 419 [2d Dept 1999]). In this instance, the corporations’ interests are clearly adverse to those of the shareholders including Rafiy. Thus, Agulnick & Gogel is herewith disqualified (Guiliano v Carlisle, 211 AD2d 757 [2d Dept 1995]; Horowitz v Horowitz, 151 AD2d 646 [2d Dept 1989]).
In that the basis of the Javaheri defendants’ application for an order requiring the Club, Old Cedar and Agulnick & Gogel to turn over their financial records through an expedited course *745 of discovery is to “confirm the existence of [an] apparent conflict of interest” (Cross motion affirmation of Christopher Kirby H 28), in light of the above determination disqualifying the firm on the basis of said conflict of interest, their request is denied. Any evidence that may otherwise be required may be obtained through the normal course of discovery.
This constitutes the decision and order of this court. The action shall be stayed for 30 days from the service of a copy of this order with notice of entry to allow substitution of counsel. Movant shall serve a copy of this order, by certified and regular mail, upon the former client; and by regular mail upon counsel for defendants within seven days of the date of this order with notice of entry, and shall file proof of service with the Nassau County Clerk.
All applications not specifically addressed herein are denied.