■ TOMHANNOCK, LLC, Respondent, v ROUSTABOUT RESOURCES, LLC, Appellant, et al., Defendants. [982 NYS2d 589]—

Lahtinen, J. Appeal from an order of the Supreme Court (McGrath, J.), entered January 15, 2013 in Rensselaer County, which, among other things, denied a motion by defendant Roustabout Resources, LLC to dismiss the complaint against it.

In April 2002, plaintiff sold a 15.94-acre parcel of vacant land located in the Town of Pittstown, Rensselaer County. In conjunc-

tion therewith, plaintiff and the buyers entered into an option agreement, whereby the buyers agreed to reconvey a 3.5-acre portion of the parcel upon plaintiff's request—provided such request was made within the 10-year option period. As partial consideration for the underlying conveyance, plaintiff reduced the purchase price for the 15.94-acre parcel (purportedly by $55,000) and, pursuant to the terms of the option agreement, agreed to pay 22% of the school and property taxes assessed upon the entire parcel—apparently representing its proportional share of taxes for the 3.5-acre parcel. The agreement, which was binding upon the parties' heirs and assigns, was duly recorded in the Rensselaer County Clerk's office.

In October 2005, the buyers conveyed the entire 15.94-acre parcel to defendants Ronald F. LaPorte and Linda J. LaPorte, and such conveyance was expressly "[s]ubject to enforceable . . . conditions and restrictions of record." Thereafter, in January 2011, plaintiff advised the LaPortes that it was exercising its option with respect to the 3.5-acre parcel. Instead of reconveying that parcel to plaintiff, however, the LaPortes conveyed the entire 15.94-acre parcel to defendant Roustabout Resources, LLC. Upon learning of that transfer in July 2011, plaintiff again exercised its option and requested that Roustabout reconvey the subject parcel. Roustabout refused, prompting plaintiff to commence this action for specific performance. Roustabout brought a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1) and (7) and, after the LaPortes answered, they also moved to dismiss plaintiff's complaint. Supreme Court, treating defendants' submissions as motions for summary judgment, granted the LaPortes' motion and denied Roustabout's motion. Roustabout now appeals.*

We affirm, albeit for reasons other than those expressed by Supreme Court. Initially, inasmuch as nothing in the record suggests that the parties either charted a summary judgment course or otherwise were given notice of Supreme Court's intention to proceed in this fashion (*see Pilatich v Town of New Baltimore*, 100 AD3d 1248, 1250 [2012]), Supreme Court erred in treating Roustabout's pre-answer motion to dismiss as a motion for summary judgment (*see Matter of Dashnaw v Town of Peru*, 111 AD3d 1222, 1223-1224 [2013]).

Turning to the merits, on a motion to dismiss pursuant to CPLR 3211 (a) (7), we must "afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and

---

* Plaintiff has not cross-appealed from the dismissal of its second and third causes of action against the LaPortes.

determine only whether the facts alleged fit within any cognizable legal theory" (*Woodhill Elec. v Jeffrey Beamish, Inc.*, 73 AD3d 1421, 1421 [2010] [internal quotation marks and citations omitted]; *see Torok v Moore's Flatwork & Founds., LLC*, 106 AD3d 1421, 1421 [2013]; *Schmidt & Schmidt, Inc. v Town of Charlton*, 68 AD3d 1314, 1315 [2009]). "Whether the plaintiff will ultimately be successful in establishing those allegations is not part of the calculus" (*Landon v Kroll Lab. Specialists, Inc.*, 22 NY3d 1, 6 [2013] [internal quotation marks and citations omitted]; *accord Vermont Mut. Ins. Co. v McCabe & Mack, LLP*, 105 AD3d 837, 839 [2013]; *see Stone Ridge Country Props. Corp. v Mohonk Oil Co., Inc.*, 84 AD3d 1556, 1557 [2011]). To state a cause of action for specific performance, plaintiff was required to plead sufficient facts to demonstrate that it had substantially performed its contractual obligations under the option agreement and was ready, willing and able to fulfill its remaining obligations with respect thereto, that Roustabout was able but unwilling to convey the 3.5-acre parcel and that plaintiff had no adequate remedy at law (*see Ouimet v Fitzsimmons*, 68 AD3d 1507, 1508 [2009], *lv denied* 14 NY3d 714 [2010]; *cf. Bayly v Broomfield*, 93 AD3d 909, 911 [2012]). As a general proposition, a party "attempting to validly exercise an option to purchase real property must strictly adhere to the terms and conditions of the option agreement" (*O'Rourke v Carlton*, 286 AD2d 427, 427 [2001]; *see Matter of Lamberti v Angiolillo*, 73 AD3d 463, 463 [2010], *lv denied* 15 NY3d 711 [2010]; *Raanan v Tom's Triangle*, 303 AD2d 668, 669 [2003]).

Here, plaintiff alleged that it executed the option agreement with the original purchasers of the 15.94-acre parcel and that such agreement, which was by its own terms binding upon the purchasers' heirs and assigns, was duly recorded in the Rensselaer County Clerk's office. Plaintiff further alleged that, in compliance with the terms of the option agreement, it made the agreed-upon percentage payments of school and property taxes, that it exercised its option with respect to the 3.5-acre parcel within the requisite 10-year period and that Roustabout thereafter refused to reconvey the parcel. Such allegations, in our view, are sufficient to withstand Roustabout's motion to dismiss under CPLR 3211 (a) (7). Contrary to Roustabout's assertion, nothing within the four corners of the option agreement requires plaintiff to obtain subdivision approval prior to exercising its option with respect to the 3.5-acre parcel, nor does the option agreement provide that the failure to obtain such approval renders the underlying agreement null and void (*compare Jorjill Holding v Grieco Assoc.*, 6 AD3d 500, 501 [2004], *lv denied* 4 NY3d 703 [2005]; *Felicello v Gandolfo*, 147 AD2d 439, 439-440 [1989]).

To the extent that Roustabout contends that plaintiff will be unable to record a deed for the 3.5-acre parcel without first obtaining subdivision approval or suggests that permitting the requested conveyance will cloud title to the remaining portion of the 15.94-acre parcel and/or create uncertainty with respect to the parties' liability for the payment of taxes thereon, these are issues that need not concern us in the context of a motion to dismiss under CPLR 3211 (a) (7). Finally, we are unable to conclude that the documentary evidence tendered by Roustabout in support of its motion to dismiss under CPLR 3211 (a) (1) "utterly refute[d] plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law" (*Crepin v Fogarty*, 59 AD3d 837, 838 [2009] [internal quotation marks and citation omitted]; *compare Jorjill Holding v Grieco Assoc.*, 6 AD3d at 501). Accordingly, Roustabout's motion to dismiss the complaint was properly denied.

Peters, P.J., Stein and McCarthy, JJ., concur; Egan Jr., J., not taking part. Ordered that the order is affirmed, with costs.