*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                516907
_____

SHIRLEY HE,

                        Appellant-
                        Respondent,

        v

REALTY USA et al.,                      MEMORANDUM AND ORDER
                        Defendants,
        and

ROMAN BRUSILOVSKY et al.,
                        Respondents-
                        Appellants.
_____


Calendar Date:   September 8, 2014

Before:   McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

                        _____


        Shirley He, Clifton Park, appellant-respondent pro se.

        Pemberton & Briggs, Schenectady (Paul Briggs of counsel),
for respondents-appellants.

                        _____


Egan Jr., J.

        Cross appeals from an order of the Supreme Court
(Ferradino, J.), entered April 8, 2013 in Saratoga County, which,
among other things, partially granted certain defendants' motions
to dismiss the complaint against them.

        Plaintiff and her former husband, Xiaokang Xu, were granted
a judgment of divorce in January 2005 and, in connection
therewith, Supreme Court (Eidens, J.) directed that the marital
residence located in Saratoga County be sold — with the proceeds

divided equally between plaintiff and Xiaokang Xu. In lieu of that disposition, either party also could purchase the other's interest in such residence at a price and under such terms as they could mutually agree. Upon appeal, this Court affirmed (Xiaokang Xu v Xiaoling Shirley He, 24 AD3d 862 [2005], lv denied 6 NY3d 710 [2006]; see also Xiaokang Xu v Xiaoling Shirley He, 77 AD3d 1083 [2010]). Plaintiff thereafter refused to cooperate in the sale of the marital residence and, in January 2007, she was evicted from the premises and Xiaokang Xu was awarded sole possession thereof. On or about October 17, 2007, Xiaokang Xu sold the former marital residence to defendants Roman Brusilovsky and Inna Negelyov (hereinafter collectively referred to as defendants); Xiaokang Xu then purchased property located on Chatsworth Way in the Town of Clifton Park, Saratoga County (hereinafter the Chatsworth residence), which he sold to defendants Weiwei Chen and Beirong Fu in 2012. Defendant Realty USA was the listing company involved in the sale of both properties, and defendants Howard Rubinger and Albert J. Picchi were the agents involved in those transactions.

In November 2012, by amended summons with notice, plaintiff pro se commenced this action against defendants, Weiwei Chen, Beirong Fu, Realty USA, Rubinger and Picchi alleging, among other things, various intentional torts and negligence in connection with the sale of the former marital residence.[1] Specifically, plaintiff contends that the named defendants either negligently or intentionally interfered with her "right" to purchase her ex-husband's interest in such property.[2] Separate motions to

---

[1] Plaintiff previously had been ordered by Supreme Court (Drago, J.) to obtain court approval "prior to filing any further legal actions, proceedings or motions regarding issues pertaining to the prior matrimonial proceedings between the parties." Plaintiff contends that the instant action was not commenced in violation of that directive, as her former spouse is not a named defendant therein.

[2] Plaintiff filed four separate complaints in this matter. Although each complaint bore the same index number and listed all of the enumerated defendants in the caption, each complaint was

dismiss the complaint upon various CPLR 3211 grounds ensued, including a motion to dismiss brought by defendants wherein they also sought an award of costs and reasonable counsel fees. Supreme Court (Ferradino, J.) granted the respective motions and dismissed plaintiff's complaint, but denied defendants' request for costs and counsel fees. Plaintiff now appeals the dismissal of her complaint, and defendants cross-appeal from the denial of their request for costs and counsel fees.

With respect to the causes of action filed against defendants, plaintiff essentially alleged that defendants "conspired" with her former spouse to deprive her of her "right" to purchase his one-half interest in the marital residence. In asserting such claim, plaintiff contends that she is entitled to the benefit of the catchall provision set forth in CPLR 213 (1), which provides that, in the case of "an action for which no limitation [period] is specifically prescribed by law," such action shall be commenced within six years. We disagree.

"In determining which statute of limitations is applicable to a cause of action, it is the essence of the action and not its mere name that controls" (Ullmannglass v Oneida, Ltd., 86 AD3d 827, 828 [2011] [internal quotation marks and citations omitted]; see Tong v Target, Inc., 83 AD3d 1046, 1046 [2011], lv denied 17 NY3d 712 [2011]). Here, plaintiff alleged that she had an absolute "right" to purchase her ex-husband's interest in the former marital residence, that defendants "tortiously insisted" upon purchasing such property despite being well aware of plaintiff's "rights" with respect to such premises and that defendants "collaborated" with her ex-husband to defeat her efforts in this regard. As a starting point, to the extent that plaintiff contends that defendants impeded her right to own the former marital residence, neither the underlying judgment of

_____

addressed to specific individuals: (1) against defendants, (2) against Rubinger, (3) against Weiwei Chen and Beirong Fu, and (4) against Rubinger and Picchi. Further, although Realty USA is named as a defendant, all of the allegations set forth with respect thereto are addressed to Rubinger and/or Picchi as individuals.

divorce nor its incorporated findings of fact granted plaintiff an unequivocal right to purchase her ex-husband's interest therein. Therefore, as no "lawful mandate of the court" existed in this regard (Judiciary Law § 753 [A] [3]), any attempt by plaintiff to assert a cause of action against defendants for civil contempt must fail (see generally Matter of Claydon, 103 AD3d 1051, 1052 [2013]). Similarly, to the extent that plaintiff contends that defendants conspired with her ex-husband to defeat her "right to her marital home," we note that "a mere conspiracy to commit a [tort] is never of itself a cause of action. . . . [Rather,] [a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort" (Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986] [internal quotation marks and citation omitted]; see Route 217, LLC v Greer, 119 AD3d 1018, 1020 [2014]).

With respect to the balance of plaintiff's claims against defendants, a review of the complaint reveals that the causes of action set forth therein sound in either intentional tort, tortious interference with business relations or negligence and, therefore, are governed by either a one- or three-year statute of limitations (see CPLR 214 [4], [5]; 215). As plaintiff's claims against defendants accrued no later than the date upon which defendants acquired title to the former marital residence (October 17, 2007), her action against defendants — commenced in November 2012 — clearly is time-barred. Accordingly, Supreme Court properly dismissed plaintiff's causes of action against defendants upon this ground.[3]

As for plaintiff's claims against Weiwei Chen and Beirong Fu as purchasers of the Chatsworth residence, we agree that the complaint must be dismissed for failure to state a cause of

_____

[3] Plaintiff's alternative theory of liability — res ipsa loquitur — is raised for the first time on appeal and, as such, is not properly before us (see Semzock v State of New York, 97 AD3d 1012, 1013 [2012]). To the extent that plaintiff's claim for prima facie tort is properly before us, we find any such cause of action to be time-barred.

action. To be sure, "on a motion to dismiss pursuant to CPLR 3211 (a) (7), we must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (Tomhannock, LLC v Roustabout Resources, LLC, 115 AD3d 1074, 1075-1076 [2014] [internal quotation marks and citations omitted]). Here, however, plaintiff failed to allege any facts to establish that Weiwei Chen and Beirong Fu owed her a legal duty in the first instance. The Chatsworth residence was purchased by plaintiff's ex-husband following the dissolution of their marriage; accordingly, contrary to plaintiff's assertion, such residence did not constitute "marital property" within the meaning of Domestic Relations Law § 236 (B) (1) (c).[4] Further, plaintiff's assertion that Weiwei Chen and Beirong Fu failed to inquire as to whether any liens had been placed upon the Chatsworth residence or whether there were "other legally entitled buyers" seeking to purchase the premises is flatly contradicted by the results of the underlying title search, which evidenced only one outstanding mortgage upon the premises, revealed no judgments or liens against the property and reflected that Xiaokang Xu was the sole legal owner thereof (see generally Tenney v Hodgson Russ, LLP, 97 AD3d 1089, 1090 [2012]; Mesiti v Mongiello, 84 AD3d 1547, 1549 [2011]). For these reasons, Supreme Court was correct in dismissing plaintiff's complaint against Weiwei Chen and Beirong Fu for failure to state a cause of action.

Finally, with respect to the causes of action asserted against Rubinger and Picchi, we find that such claims – sounding in intentional tort, negligence, contempt and conspiracy – are either time-barred or suffer from the same pleading infirmities previously identified and discussed. Accordingly, Supreme Court properly granted the underlying motions to dismiss plaintiff's

---

[4] To the extent that plaintiff alleges that her ex-husband improperly used marital funds to acquire the Chatsworth residence in the first instance, such assertions, even if true, do not give rise to a cause of action against Weiwei Chen and Beirong Fu.

complaint.[5]  Plaintiff's remaining arguments in support of her
appeal, to the extent not specifically addressed, have been
examined and found to be lacking in merit.

Turning to defendants' cross appeal, 22 NYCRR 130-1.1 (a)
permits a "court, in its discretion, [to] award to any party or
attorney in any civil action or proceeding . . . costs in the
form of reimbursement for actual expenses reasonably incurred and
reasonable attorney's fees, resulting from frivolous conduct."
Frivolous conduct, in turn, includes conduct that "is completely
without merit in law and cannot be supported by a reasonable
argument for an extension, modification or reversal of existing
law" (22 NYCRR 130-1.1 [c] [1]).  In ascertaining whether a
party's conduct indeed was frivolous, we must consider "the
circumstances under which the conduct took place" and, further,
whether such conduct was continued after "its lack of [a] legal
or factual basis" was or should have been apparent (22 NYCRR 130-
1.1 [c]).

Here, even assuming that plaintiff's commencement of this
action did not require prior judicial approval and, hence, does
not represent yet another example of her unwillingness to abide
by court orders, the fact remains that plaintiff was well aware
that the former marital residence was sold to defendants in
October 2007, more than five years before plaintiff commenced
this action against them.  Further, although plaintiff indeed
commenced this action pro se, it is apparent from both our prior
decisions and the record now before us that plaintiff is well
educated and well versed in legal affairs and, therefore, should
have been able to appreciate that her claims against defendants
were both specious and time-barred.  Under these circumstances,

---

[5]  Although not dispositive of plaintiff's appeal, we note
in passing that Supreme Court — as an alternative ground —
dismissed the complaint based upon plaintiff's failure to join
her ex-husband as a necessary party (see CPLR 3211 [a] [10]).  As
plaintiff sought only money damages against the named defendants
and complete relief otherwise could be accorded to the parties
without Xiaokang Xu's participation in this action, Supreme Court
erred in concluding that he was a necessary party thereto.

we find that Supreme Court abused its discretion in denying
defendants' request for an award of costs and reasonable counsel
fees, and we remit this matter to Supreme Court for the
fashioning of an appropriate award in this regard.

McCarthy, J.P., Rose and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without
costs, by reversing so much thereof as denied a request by
defendants Roman Brusilovsky and Inna Negelyov for an award of
costs and reasonable counsel fees; matter remitted to the Supreme
Court for further proceedings not inconsistent with this Court's
decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court