14-2920-cv
*Intercept Pharmaceuticals v. Howard*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

---

INTERCEPT PHARMACEUTICALS, INC.,

> *Plaintiff-Counter-Defendant-Appellee,*

> v.                                                                No. 14-2920-cv

CHRIS HOWARD,

> *Defendant-Counter-Claimant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLANT:** | STUART M. GORDON, Mark A. Beckman, Mercedes Colwin, James K. Holder, Gordon & Rees LLP, New York, NY. |
| **FOR APPELLEE:** | ROBERT D. CULTICE, Michael J. Bayer, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA; and Catherine M.A. Carrol, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C. |

Appeal from an August 6, 2014 judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 6, 2014 judgment of the District Court is **AFFIRMED**.

Defendant Chris Howard appeals from a judgment entered in the District Court granting a motion for judgment on the pleadings by plaintiff Intercept Pharmaceuticals, Inc. ("Intercept"). Howard claims that he exercised his options for shares of Intercept's stock by mailing in a check on December 26, 2007. Intercept claims that it never received the check and therefore Howard has failed to plead facts sufficient to state a claim for breach of contract. In holding that Howard's contract claim is barred by New York's six-year statute of limitations for breach of contract actions, the District Court did not address whether Howard had adequately pleaded a claim for breach of contract.

On appeal, Howard's principal arguments are that (1) the District Court erred in its application of New York's statute of limitations, and (2) he adequately pleaded a plausible claim for breach of contract. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

We review *de novo* a district court's decision to grant judgment on the pleadings. *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). On a motion to dismiss a complaint under Rule 12(b)(6), a court assesses whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach. *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999). In an options contract, the party "attempting to validly exercise [the] option . . . must strictly adhere to the terms and conditions of the option agreement." *Tomhannock, LLC v. Roustabout Resources LLC*, 115 A.D.3d 1074, 1076 (N.Y. App. Div. 2014) (internal quotation marks omitted). Finally, to withstand a motion to dismiss, the party seeking recovery must allege the essential terms of the parties' purported contract "in nonconclusory language." *Sud v. Sud*, 211 A.D.2d 423, 424 (N.Y. App. Div. 1995).

2

In the instant case, the agreements between Howard and Intercept explicitly provide that in order for Howard to exercise his options, he had to ensure that Intercept received payment in full by December 31, 2007. App. at 51 ("[I]f you timely sign and return this letter agreement, subject to approval by the Company's Board of Directors, you will have until 5:00 p.m. (New York City time) on December 31, 2007 to exercise the vested portion of your options to purchase shares of the Company's common stock."); *id.* at 18 ("Each election to exercise this option shall be in writing in the form of notice attached hereto as Exhibit A, signed by the Participant, and *received* by the Company at its principal office, accompanied by this agreement, and *payment in full* in the manner provided in the Plan.") (emphasis added). Despite this unambiguous requirement, Howard never alleges that Intercept received his check by the deadline. Rather, Howard alleges that he mailed the check and speculates that "[p]erhaps" it was "lost, misplaced or mishandled." *Id.* at 58. Indeed, he alleges that he "has no information" regarding whether his purported payment was received. *Id.* at 61. At best, Howard alleges (inconsistently) that the check was received sometime after the December 31, 2007 deadline. *Id.* at 69 ("Howard was never informed . . . that Intercept had either received the $54,000.00 check late or not at all . . . ."); *id.* at 70 (quoting email from Intercept arguably acknowledging receipt after expiration period). Accordingly, taking Howard's allegations to be true, he has failed to plead sufficient facts establishing that he effectively exercised his stock options in compliance with the terms of the governing agreements.

### **CONCLUSION**

We have considered Howard's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the August 6, 2014 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3