■ S. CORTLAND WOOD, Respondent, v BEACON FACTORS CORP., Defendant and Third-Party Plaintiff-Appellant, and LOUIS LEONARD, Appellant. GEORGE W. BENEDICT, Third-Party Defendant-Respondent.—In an action to recover upon a debt owed by the defendant corporation and guaranteed by the defendant Leonard, the defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), entered July 16, 1986, disqualifying their attorney from representing them in the action.

Ordered that the order is affirmed, with costs.

The plaintiff herein, a 33⅓% stockholder in the defendant close corporation Beacon Factors Corp. (hereinafter Beacon), commenced this action against Beacon and against the defendant Leonard, who is also a 33⅓% stockholder in Beacon, to recover a claimed indebtedness of Beacon which was allegedly guaranteed by Leonard.

The defendants interposed several affirmative defenses, including one alleging that Leonard was entitled to compensation from Beacon "in excess of the sum claimed to be due by the plaintiff herein". The answer also contained a counterclaim and third-party complaint against the plaintiff and George W. Benedict, the remaining 33⅓% stockholder of Beacon, respectively, for corporate waste.

After joinder of issue, the plaintiff moved, *inter alia,* to dismiss Beacon's answer and third-party complaint on the ground that the law firm representing Beacon was not authorized to appear on its behalf. The defendants Beacon and Leonard cross-moved for summary judgment dismissing the complaint on the merits.

By order dated July 9, 1984, the Supreme Court, Nassau County, held that the defendants' cross motion for summary judgment had to be deferred until it could be determined whether the law firm representing Beacon had in fact been authorized to appear on Beacon's behalf. The Supreme Court,

Nassau County, held that the latter issue could only be determined after a hearing which would resolve the "factual dispute as to the nature of the resolution or resolutions adopted" at a special meeting of Beacon's shareholders on April 12, 1983. The Supreme Court, Nassau County, in its order dated July 9, 1984, also cautioned counsel to observe the requirements of Code of Professional Responsibility DR 5-102 ("Withdrawal as Counsel When the Lawyer Becomes a Witness"), so as not to delay the hearing.

At the conclusion of the hearing conducted on May 30, 1986, the Supreme Court, Nassau County, by order entered July 16, 1986, disqualified the attorney representing the defendants due to a "conflict of interest".

Initially, we note that the law firm representing the defendants should have withdrawn from representing the defendants prior to the hearing, since the record indicates that one of the partners of the firm, who was also the son of the other partner, was present at the April 12, 1983 special meeting of Beacon's shareholders, and was going to be called as a witness concerning that meeting (see, Code of Professional Responsibility DR 5-102).

Over and above this particular problem, there was a sufficient basis for the Supreme Court to have disqualified the attorney representing Leonard and Beacon. It is clear from the pleadings that the interests of the defendant Leonard, a minority shareholder, are inimical to and at odds with the two other shareholders who together own a majority of the shares of the defendant Beacon. Insofar as is relevant herein, Code of Professional Responsibility DR 5-105 provides that: "(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or it would be likely to involve him in representing differing interests". Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.