■ In the Matter of THOMAS P. FLEET, Respondent-Appellant, v PULSAR CONSTRUCTION CORP., Respondent, and PAUL WEINBERG, Appellant-Respondent.—In a special proceeding for judicial dissolution of a closely held corporation, Paul Weinberg, a 50% shareholder in the corporation, appeals from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated May 2, 1988, as, after a hearing, denied his motion for disqualification of Harold S. Elovich as attorney for petitioning shareholder Thomas P. Fleet, and the petitioner Thomas P. Fleet cross-appeals from so much of the same order as denied his cross motion for disqualification of Phillips & Weiner, as attorneys for Weinberg.

Ordered that the order is modified, by deleting the provision thereof denying the motion and substituting therefor a provi-

sion granting the motion, and Harold S. Elovich is disqualified from representing the petitioner; as so modified, the order is affirmed, without costs or disbursements, and no further proceedings shall be taken against the petitioner Fleet, without leave of the court, until the expiration of 30 days after service upon him personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c).

The disputing parties are each 50% shareholders of the corporation which is the subject of this dissolution proceeding *(see,* Business Corporation Law § 1104 [a]). A related action, commenced by the respondent Weinberg individually and in the name of the corporation is presently pending in the Supreme Court, Nassau County. Weinberg's attorneys in this proceeding are the attorneys of record for the plaintiffs in that action.

It is not disputed that, prior to the parties' 1984 execution of a shareholders' agreement, Weinberg consulted Harold S. Elovich concerning its terms. The record demonstrates that Elovich, whom Weinberg had known for some 18 years and to whom he introduced the petitioner Fleet, made some revisions in the agreement on Weinberg's behalf, although Weinberg was not billed for these services. Nor is it disputed that Elovich thereafter represented the corporation in breach of contract actions by or against third parties during the course of which both Fleet and Weinberg testified on their corporation's behalf. As difficulties developed between the parties, Weinberg sought out Elovich who, with respondent Weinberg's knowledge, had represented the petitioner Fleet on various matters unconnected with the parties' corporation or their present dispute concerning it. According to Weinberg, Elovich advised him to "work things out" directly with Fleet and informed him that he could represent neither party because he represented the corporation. According to Elovich, he advised Weinberg that he could not represent him because he was representing Fleet. Weinberg's motion to disqualify Elovich as Fleet's attorney in this proceeding and the petitioner Fleet's cross motion to disqualify Weinberg's attorneys were denied by the Supreme Court, Queens County, following a hearing at which some testimony was taken and oral argument was heard.

An attorney must preserve the confidences and secrets of a client (Code of Professional Responsibility Canon 4). The fiduciary relationship between lawyer and client arises notwithstanding that services are provided without charge *(cf.,* Code

of Professional Responsibility EC 4-1) and the obligation to preserve the confidences and secrets of a client acquired during the course of the attorney-client relationship continues after termination of employment (Code of Professional Responsibility EC 4-6). Moreover, it is incumbent upon the attorney to avoid even the appearance of professional impropriety (Code of Professional Responsibility Canon 9; see, Grover v Virdi, 130 AD2d 710; Matter of Hof, 102 AD2d 591). Doubts as to the existence of a conflict of interest are to be resolved in favor of disqualification (Flushing Sav. Bank v FSB Props., 105 AD2d 829, 831).

Although Elovich contends otherwise, it is clear that he was acting as Weinberg's attorney in negotiating and drafting the shareholders' agreement governing the parties' rights and obligations. And although the corporation is a distinct jural entity, it is equally clear that in prosecuting and defending litigation on its behalf, Elovich was in fact representing its only two shareholders, the presently disputing parties. From these professional relationships it is reasonable to infer that Elovich obtained confidential or strategically valuable information concerning Weinberg which will be of use to petitioner Fleet (see, Colonie Hill v Duffy, 86 AD2d 645, 646; see also, Matter of Hof, supra, at 594). Disqualification of Elovich in this proceeding as attorney for Fleet is therefore necessary.

There is no doubt, however, that denial of the petitioner Fleet's cross motion to disqualify Phillips & Weiner as attorneys for respondent Weinberg was proper. Although the firm is presently representing Weinberg in litigation in which the corporation is named as a coplaintiff, the record demonstrates that the corporation's posture in that litigation is passive (see, Schmidt v Magnetic Head Corp., 97 AD2d 151, 163) and there are no facts from which to infer that Phillips & Weiner at any time established any professional relationship with Fleet. Indeed, Elovich asserted before the Supreme Court that if he were permitted to continue as Fleet's attorney, he would withdraw the cross motion. It is thus apparent that the cross motion was interposed solely for tactical purposes (cf., Matter of Hof, supra, at 594; see, Schmidt v Magnetic Head Corp., supra). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.