■ I.S. DESIGN, INC., Respondent-Appellant, v GASHO OF JAPAN, INTERNATIONAL, LTD., et al., Appellants-Respondents. [702 NYS2d 73] —Judgment, Supreme Court, New York County (Dominick Viscardi, J.), entered February 25, 1999, which, after a jury trial and, as amended by an order entered July 22, 1999, awarded plaintiff damages against defendant Aoki in the amount of $326,156.50 with interest, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Order, same court and Justice, entered July 22, 1999, insofar as it vacated judgment against defendant Gasho, unanimously affirmed, without costs. Order, same court and Justice, entered February 25,

1999, which amended the caption, unanimously dismissed, without costs.

Plaintiff is an architectural and design consulting firm whose principal, Setsuo Ito, is not a licensed architect. Defendant Gasho, whose principal is defendant Aoki, owns and operates a chain of Japanese style restaurants. In connection with Gasho's construction of a new restaurant, it hired Frank Carlino as architect. Plaintiff allegedly was hired as a design consultant. Although Carlino had a written contract with Gasho, plaintiff did not. Rather, it is undisputed that plaintiff and Carlino agreed that plaintiff would be entitled to one-third of Carlino's architectural fee due under his written agreement with Gasho. Gasho eventually became dissatisfied with Carlino and terminated his services. When plaintiff and the new architect could not agree on terms for a written agreement governing their relationship, plaintiff's own connection with the project ended. Carlino, who did not receive his full fee from Gasho, never paid plaintiff any fee, although plaintiff did not sue him for any such payment. Rather, plaintiff sued Gasho, and Aoki personally, under various contract and quasi-contract theories, to recover from them its portion of the fee due from Carlino. The present dispute addresses whether Aoki had independently orally promised to pay plaintiff one-third of Carlino's fee if Carlino failed to do so.

The action is barred by the Statute of Frauds. In effect, plaintiff alleges that Aoki promised to pay plaintiff's fees if Carlino failed to do so, which on the basis of plaintiff's own evidence is a "special promise to answer for the debt, default or miscarriage of another person" (General Obligations Law § 5-701 [a] [2]). It is well established that an agreement by an owner or general contractor to pay sums owed by a contractor, to another contractor or vendor, with which the promisor is not in privity as to that particular agreement, falls within the Statute of Frauds (*Parma Tile Mosaic & Marble Co. v Estate of Short*, 87 NY2d 524). To satisfy the statute, the promisee must prove a written agreement binding the alleged promisor, who must have subscribed to it. It is unavailing to argue that in the absence of a subscribed writing, the obligation was nevertheless incurred (*supra*).

That doctrine applies to these facts. Nor is the present proof, including a letter from Aoki to Carlino insisting that plaintiff be paid, " ' "unequivocally referable" ' " (*Baytree Assocs. v Forster*, 240 AD2d 305, 307, *lv denied* 90 NY2d 81, citing *Anostario v Vicinanzo*, 59 NY2d 662, 664) to Aoki's alleged promise to pay plaintiff to the extent that Carlino failed to do so. " 'It is

not sufficient * * * that the oral agreement gives significance to plaintiff's actions. Rather, the actions alone must be "unintelligible or at least extraordinary", explainable only with reference to the oral agreement'" (supra, at 307). As such, there is insufficient proof to overcome the statutory bar. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.