■ MIDWOOD CHAYIM ARUCHIM DIALYSIS ASSOCIATES, INC., Appellant, v BROOKLYN DIALYSIS, LLC, Respondent. [919 NYS2d 397]—

"The basis of a disqualification motion is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client" (*Rowley v Waterfront Airways*, 113 AD2d 926, 927 [1985]; *see Matter of Kelly*, 23 NY2d 368, 375-376 [1968]; *Ogilvie v McDonald's Corp.*, 294 AD2d 550, 552 [2002]). However, "[d]isqualification denies a party's right to representation by the attorney of its choice" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]; *see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]), and may create "significant hardships" for that party (*Solow v Grace & Co.*, 83 NY2d 303, 310 [1994]; *see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d at 131; *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d at 443).

Accordingly, where the Rules of Professional Conduct (22 NYCRR 1200.0) are invoked in litigation, courts "are not constrained to read the rules literally or effectuate the intent of the drafters, but look to the rules as guidelines to be applied with due regard for the broad range of interests at stake" (*Niesig v Team I*, 76 NY2d 363, 369-370 [1990]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d at 443). It is the Supreme Court's responsibility to balance the competing interests, and "[t]he disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court" (*Falk v Gallo*, 73 AD3d 685, 685 [2010]; *see Cardinale v Golinello*, 43 NY2d 288, 292 [1977]; *Matter of Erlanger [Erlanger]*, 20 NY2d 778, 779 [1967]; *Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802 [2007]; *Flores v Willard J. Price Assoc., LLC*, 20 AD3d 343, 344 [2005]; *Schmidt v Magnetic Head Corp.*, 101 AD2d 268, 277 [1984]). Under the circumstances present here, the Supreme Court did not improvidently exercise its discretion when it denied the plaintiff's motion to disqualify the defendant's attorney (*see Campbell v McKeon*, 75 AD3d 479, 480 [2010]; *Kushner v Herman*, 215 AD2d 633, 633 [1995]; *Matter of Fleet v Pulsar Constr. Corp.*, 143 AD2d 187, 189 [1988]; *Lopez v Precision Papers*, 99 AD2d 507, 508 [1984]; *cf. Morris v Morris*, 306 AD2d 449, 452 [2003]). Covello, J.P., Belen, Hall and Cohen, JJ., concur.