*682 In an action, inter alia, for an accounting, the plaintiff Barbara Gordon appeals (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated July 11, 2012, as denied that branch of her motion which was to disqualify the defendants’ counsel, and (2), as limited by her notice of appeal and brief, from so much of an order of the same court dated November 2, 2012, as denied those branches of her motion which were for leave to renew and reargue that branch of her prior motion which was to disqualify the defendants’ counsel.
Ordered that the appeal from the order dated November 2, 2012, is dismissed; and it is further,
Ordered that the order dated July 11, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the motion of the plaintiff Barbara Gordon which was to disqualify the defendants’ counsel is granted; and it is further,
Ordered that one bill of costs is awarded to the appellant.
The appeal so much of the order dated November 2, 2012, as denied that branch of the motion of the plaintiff Barbara Gordon which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. In light of our determination on the appeal from the order dated July 11, 2012, we dismiss, as academic, the appeal from so much of the order dated November 2, 2012, as denied that branch of Gordon’s motion which was for leave to renew.
Where the Rules of Professional Conduct (22 NYCRR 1200.0) are invoked in litigation, courts “are not constrained to read the rules literally or effectuate the intent of the drafters, but look to the rules as guidelines to be applied with due regard for the broad range of interests at stake” (Niesig v Team I, 76 NY2d 363, 369-370 [1990]; see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]; Midwood Chayim Aruchim Dialysis Assoc., Inc. v Brooklyn Dialysis, LLC, 82 AD3d 1177, 1178 [2011]). It is the Supreme Court’s responsibility to balance the competing interests, and “[t]he disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court” (Falk v Gallo, 73 AD3d 685, 685 [2010]; see Cardinale v Golinello, 43 NY2d 288, 292 [1977]; Matter of Erlanger [Erlanger], 20 NY2d 778, 779 [1967]; Midwood Chayim Aruchim Dialysis Assoc., Inc. v Brooklyn Dialysis, LLC, 82 AD3d at 1178; Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802, 802 [2007]; Flores v Willard J. Price Assoc., LLC, 20 AD3d 343, 344 [2005]; Schmidt v Magnetic Head Corp., 101 AD2d 268, 277 [1984]).
*683 Here, prior to the commencement of this action, the defendant’s attorney had provided legal advice to both the appellant, Barbara Gordon, and the defendant in their capacity as business partners and members of several limited liability companies. There was a substantial relationship between the involvement of the defendants’ attorney in the formation of those limited liability companies, and his involvement as general counsel to those limited liability companies in connection with the instant action for an accounting. In his capacity as general counsel, the defendant’s attorney was in a position to receive relevant confidences regarding several of those limited liability companies, in which the plaintiffs interests are now adverse to the defendant’s interests. Thus, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the appellant’s motion to disqualify the defendants’ attorney (see e.g. Campbell v McKeon, 75 AD3d 479, 480 [2010]; Flores v Willard J. Price Assoc., LLC, 20 AD3d at 344-345; Morris v Morris, 306 AD2d 449, 452 [2003]; Bianchi v Mille, 266 AD2d 419, 420 [1999]; Matter of Greenberg [Madison Cabinet & Interiors], 206 AD2d 963, 965 [1994]; Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187, 189 [1988]; Wood v Beacon Factors Corp., 137 AD2d 752, 753 [1988]; Schmidt v Magnetic Head Corp., 101 AD2d at 279).
To the extent that the appellant raises an argument on appeal regarding that branch of her motion which was to vacate an award of costs that was allegedly improperly included in a judgment entered June 1, 2012, that branch of her motion was not addressed by the Supreme Court and, thus, remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543 [1979]).
In light of the foregoing, we need not address the appellant’s remaining contentions.
Balkin, J.E, Dickerson, Roman and Miller, JJ, concur.