■ Mohammad Nasir Sharifi-Nistanak et al., Respondents, v Lyudmila Coccia, Appellant. [989 NYS2d 141]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated April 11, 2013, which denied her motion to disqualify the law firm of Gruenberg Kelly Della from representing the plaintiffs.

Ordered that the order is affirmed, with costs.

On May 4, 2011, the plaintiff Mohammad Nasir Sharifi-Nistanak (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action to recover damages for personal injuries he allegedly sustained in an automobile accident with the defendant. At that time, the law firm of Russo, Apoznanski & Tambasco (hereinafter the Russo firm) was assigned by the defendant's insurance company to defend her in this action. Anthony Ciaccio, then associated with the Russo firm, signed the verifications dated June 28, 2011, and August 9, 2011, that were appended to the defendant's answer and bill of particulars, respectively. Ciaccio also was responsible for the preparation, inter alia, of certain discovery demands.

On February 24, 2012, Ciaccio accepted an offer of employment at the law firm of Gruenberg Kelly Della (hereinafter the Gruenberg firm), which represented the plaintiffs in this action against the defendant, Ciaccio's former client. Two months later, the defendant moved to disqualify the Gruenberg firm from representing the plaintiffs. The Supreme Court denied the motion. We affirm.

While generally, a party seeking to disqualify an opponent's attorney "must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]), "no presumption of disqualification will arise if either the moving party fails to make any showing of a risk that the attorney changing firms acquired any client confidences in [his or her] prior employment (*see, Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 638) or the nonmoving party disproves that the attorney had any opportunity to acquire confidential informa-

tion in the former employment" (*Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 617 [1999]).

Here, the defendant failed to make any showing that Ciaccio acquired any client confidences during his prior employment. Furthermore, in Ciaccio's affirmation in opposition to the motion, he averred that he has "no independent recollection" of signing the verifications or of any of the other documents which he described as "pro-forma" and "computer generated," that were served on the defendant's behalf by the Russo firm. He also averred that he has no "independent recollection" of having spoken to Coccia while preparing these documents or of sending her certain form letters from the Russo firm in which his name, but not his signature, appears, or of communicating with the defendant whatsoever. While Ciaccio was employed at the Russo firm, he reportedly had a "continually changing case load of over one hundred and fifty files." Moreover, Ciaccio further averred that he did not have any knowledge regarding the facts of the present action and that it had "come to [his] attention," through the instant motion to disqualify the Gruenberg firm, that he had previously "worked on the instant matter for a brief period of time" while at the Russo firm.

In light of the foregoing, as well as the proof of the efforts made at the Gruenberg firm to eliminate any involvement by Ciaccio in the instant action (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d at 615, 617, 619), we discern no improvident exercise of discretion by the Supreme Court in denying the defendant's motion to disqualify the Gruenberg firm from representing the plaintiffs.

Accordingly, the Supreme Court properly denied the defendant's motion to disqualify the Gruenberg firm from representing the plaintiffs. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.