■ MIRADIN GJONI, Respondent, v THE SWAN CLUB, INC., et al., Appellants. [21 NYS3d 341]—

In an action, inter alia, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296, the defendants appeal from an order of the Supreme Court, Nassau County (J. Murphy, J.), entered November 14, 2014, which denied their motion to disqualify Vincent R. Fontana from the continued representation of the plaintiff in this action.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendants' motion to disqualify Vincent R. Fontana from the continued representation of the plaintiff in this action is granted.

The plaintiff was employed by the defendant The Swan Club, Inc. (hereinafter the club), from April 2001 until he was terminated in March 2014. In 2004, a female coworker of the plaintiff filed a complaint against the club with the New York State Division of Human Rights. She alleged, inter alia, that the plaintiff made offensive remarks to her regarding her sex and race, that she reported his behavior to her superiors and that, in retaliation, her work hours were reduced. Vincent R. Fontana, who was then "of counsel" to a Nassau County law firm, represented the club in its defense against the complaint. In July 2014, the plaintiff, now represented by Fontana, the principal of The Law Office of Vincent R. Fontana, P.C., commenced this action against the club and its principals—Gregory Trunz, Robert Trunz, and Warren Trunz (hereinafter collectively the defendants). The plaintiff alleged, inter alia, that he was subjected to a hostile work environment in violation of Executive Law § 296 based on sex and gender and was wrongfully terminated. After joinder of issue, the defendants moved pursuant to the Rules of Professional Conduct (22 NYCRR 1200.0) to disqualify Fontana from representing the plaintiff in this action based upon Fontana's prior representation of the

club. The Supreme Court denied the motion and the defendants appeal.

"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (*Albert Jacobs, LLP v Parker*, 94 AD3d 919, 919 [2012]). "A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish '(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse' " (*Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC*, 109 AD3d 549, 550 [2013], quoting *Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]). " 'A party's entitlement to be represented in ongoing litigation by counsel of [his or her] own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted' " (*Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC*, 109 AD3d at 550, quoting *Matter of Dream Weaver Realty, Inc. [Poritzky—DeName]*, 70 AD3d 941, 943 [2010]). However, the right to be represented by counsel of one's own choosing "will not supersede a clear showing that disqualification is warranted" (*Matter of Marvin Q.*, 45 AD3d 852, 853 [2007]; *see Scopin v Goolsby*, 88 AD3d 782, 784 [2011]). Any doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety (*see Cohen v Cohen*, 125 AD3d 589, 590 [2015]; *Halberstam v Halberstam*, 122 AD3d 679 [2014]). "Due to the 'significant competing interests inherent in attorney disqualification cases,' however, the Court of Appeals has advised against 'mechanical application of blanket rules,' in favor of a 'careful appraisal of the interests involved' " (*Gabel v Gabel*, 101 AD3d 676, 676-677 [2012], quoting *Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d at 131).

Here, the defendants established that Fontana, while "of counsel" to another firm several years earlier, had a prior attorney-client relationship with the club, that the issues involved in Fontana's prior representation of the club were substantially related to the issues involved in Fontana's current representation of the plaintiff, and that the interests of the plaintiff and the defendants were materially adverse (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9; *Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC*, 109 AD3d at 550-551). Further, although Fontana contends that he has no independent recollection of the facts of the prior repres-

entation and, in effect, that whatever information he obtained during the prior representation would not be relevant to the issues in this matter, the defendants are " 'entitled to freedom from apprehension and to certainty that [their] interests will not be prejudiced' " due to Fontana's current representation of the plaintiff (*Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC*, 109 AD3d at 551, quoting *Cardinale v Golinello*, 43 NY2d 288, 296 [1977]).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendants' motion to disqualify Vincent R. Fontana from the continued representation of the plaintiff in this action. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.