In the Matter of MARC ROVNER, Appellant, v DEBRA RANTZER, Respondent. [44 NYS3d 172]—

Appeal, by permission, by the father from an order of the Family Court, Nassau County (Felice J. Muraca, J.) dated May 12, 2016. The order denied the father's motion to disqualify the mother's counsel.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the father's motion to disqualify the mother's counsel is granted.

The parties are the parents of one child. In 2012, the father commenced a proceeding pursuant to Family Court Act article 8. In 2012, the father also commenced a proceeding pursuant to Family Court Act article 6, seeking to modify a prior order of custody of the Family Court.

In 2015, the mother hired an attorney who is married to the former Family Court Judge who presided over these proceedings. That Family Court Judge, inter alia, issued a temporary order of custody and visitation, and also conducted two in camera interviews with the subject child. In late 2015, the father moved to disqualify the mother's counsel. The Family Court denied the motion, and the father appeals.

"[T]he disqualification of an attorney is a matter which rests within the sound discretion of the court. A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (*Campolongo v Campolongo*, 2 AD3d 476, 476 [2003] [citations omitted]; see *Matter of Nenninger v Kelly*, 140 AD3d 961, 963 [2016]; *Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 962 [2012]). "However, the right to be represented by counsel of one's own choosing 'will not supersede a clear showing that disqualification is warranted'" (*Gjoni v Swan Club, Inc.*, 134 AD3d 896, 897 [2015], quoting *Matter of Marvin Q.*, 45 AD3d 852, 853 [2007]; see *Scopin v Goolsby*, 88 AD3d 782, 784 [2011]).

The Family Court improvidently exercised its discretion in denying the father's motion to disqualify the mother's attorney in light of, inter alia, the unrefuted statement by the attorney for the child that the mother's current attorney was present inside the chambers of the former Family Court Judge who presided over these proceedings on various occasions when they were being heard and the fact that the former Family Court Judge conducted two in camera interviews with the child (*see Halberstam v Halberstam*, 122 AD3d 679, 679-680 [2014]; *Albert Jacobs, LLP v Parker*, 94 AD3d 919, 919 [2012]; *see also Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC*, 109 AD3d 549, 550-551 [2013]; *Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 85 AD3d 915 [2011]). Chambers, J.P., Roman, Miller and Barros, JJ., concur.