Deerin v Ocean Rich Foods, LLC (2018 NY Slip Op 00820)





Deerin v Ocean Rich Foods, LLC


2018 NY Slip Op 00820


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-07631
2015-07632
 (Index No. 600536/14)

[*1]Patricia Deerin, etc., appellant, 
v
Ocean Rich Foods, LLC, etc., et al., respondents.


Law Offices of Michael H. Joseph, PLLC, White Plains, NY (Clifford S. Nelson of counsel), for appellant.
Ryan Brennan & Donnelly LLP, Floral Park, NY (John E. Ryan and John B. Telesca of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated February 6, 2015, as granted those branches of the defendants' converted motion which were for summary judgment dismissing the first, third through fifth, and eighth causes of action and denied her cross motion pursuant to CPLR 3025 for leave to amend her complaint and to disqualify the defendants' counsel, and (2) so much of an order of the same court dated August 6, 2015, as denied that branch of her motion pursuant to CPLR 2221(e) which was for leave to renew her opposition to that branch of the defendants' converted motion which was for summary judgment dismissing the fifth cause of action.
ORDERED that the order dated February 6, 2015, is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' converted motion which was for summary judgment dismissing the fifth cause of action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to disqualify the defendants' counsel, and substituting therefor a provision granting that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from the order dated August 6, 2015, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated February 6, 2015.
In 2006, the defendants Richard Marino and Dean Berman, along with the plaintiff's decedent, Douglas Deerin (hereinafter collectively the members), formed Ocean Rich Foods, LLC (hereinafter Ocean Rich), in which they were equal members. In 2008, Ocean Rich purchased three $1.5 million life insurance policies, each of which insured the life of one of the three members. Ocean Rich was the beneficiary of each of these policies.
In January 2013, the plaintiff's decedent died, and the plaintiff was appointed as executor of his estate. The proceeds of the policy insuring the decedent's life (hereinafter the subject insurance policy) were paid to Ocean Rich. The plaintiff then commenced this action, inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, unjust enrichment, and for a distribution upon withdrawal pursuant to Limited Liability Company Law § 509. She alleged in the complaint that in 2009, the members had entered into a "cross-purchase agreement" (hereinafter the agreement), in which they agreed that, inter alia, upon the death of a member, Ocean Rich would pay the proceeds of the policy insuring that member's life to that member's estate "as part payment or payment in full, as the case may be, on account of the purchase price of the interest of the deceased member." The plaintiff alleged that, after the decedent's death, Ocean Rich had failed to pay the proceeds of the subject insurance policy to his estate.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. They submitted with their motion an unexecuted copy of the agreement, and asserted that the members had decided not to execute the agreement. Pursuant to CPLR 3211(c), the Supreme Court converted the motion to one for summary judgment and directed the parties to submit any additional evidence they wished it to consider. The defendants submitted affidavits from Marino and Berman in which they stated that the members had decided not to execute the agreement. Thereafter, the plaintiff cross-moved pursuant to CPLR 3025 for leave to amend her complaint and to disqualify the defendants' counsel on the basis of conflict of interest.
In an order dated February 6, 2015, the Supreme Court, inter alia, granted those branches of the defendants' converted motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, and unjust enrichment, and for a distribution upon withdrawal pursuant to Limited Liability Company Law § 509. The court also denied the plaintiff's cross motion in its entirety. The plaintiff then moved, inter alia, for leave to renew her opposition to that branch of the defendants' converted motion which was for summary judgment dismissing the cause of action for a distribution upon withdrawal pursuant to Limited Liability Company Law § 509. In an order dated August 6, 2015, the court denied that motion. The plaintiff appeals from both orders.
In general, the existence of a contract can be proven even if there is not a writing signed by the party to be charged (see Geha v 55 Orchard St., LLC, 29 AD3d 735, 736; see also Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 451). "There is sufficient evidence that a contract has been made if . . . [t]here is a note, memorandum or other writing sufficient to indicate that a contract has been made, signed by the party against whom enforcement is sought" (General Obligations Law § 5-701[b][3][d]; see Scheck v Francis, 26 NY2d 466, 472). Nevertheless, "[w]here it is clear from the writings themselves that they do not constitute a memorandum sufficient to satisfy the statute, it is immaterial . . . whether or not they accurately reflect and contain all of the pertinent terms of a prior alleged oral agreement" (Scheck v Francis, 26 NY2d at 472 [internal quotation marks and citations omitted]; see I.S. Design v Gasho of Japan, Intl., 269 AD2d 150, 151). Further, General Obligations Law § 5-701(a)(1) renders unenforceable, inter alia, any oral agreement which "is not to be completed before the end of a lifetime."
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with contract, by submitting evidence that the agreement was never executed by the members of Ocean Rich, and therefore does not satisfy the statute of frauds. Although the plaintiff contends that, pursuant to CPLR 3212(f), she should have been permitted an opportunity to obtain discovery so that she could prove the existence of the agreement via other documents, she offered only "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process[, which] is insufficient to deny the [defendants'] motion" (Pierre v Demoura, 148 AD3d 736, 737; see Lynn v McCormick, 153 AD3d 688, 689; HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944; Bentick v Gatchalian, 147 AD3d 890, 892). Since the alleged [*2]promise upon which the plaintiff relied—that Ocean Rich would purchase the decedent's interest in it from his estate with the proceeds of the subject insurance policy—could not, by its terms, "be completed before the end of a lifetime," the Supreme Court properly granted those branches of the defendants' converted motion which were for summary judgment dismissing the first, third, and fourth causes of action (General Obligations Law § 5-701[a][1]; see DeThomasis v Viviano, 148 AD3d 1338, 1340; Klein v Jamor Purveyors, 108 AD2d 344, 347; Dreher v Levy, 67 AD2d 438, 439-440; see also General Obligations Law § 5-701[a][9]).
"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006 [internal quotation marks omitted]; see Swartz v Swartz, 145 AD3d 818, 829; GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570). Since Ocean Rich purchased the subject insurance policy, it was not enriched at the plaintiff's expense, nor is it against equity and good conscience to permit Ocean Rich to retain the proceeds of the policy. Accordingly, the Supreme Court also properly granted that branch the defendants' converted motion which was for summary judgment dismissing the eighth cause of action.
Pursuant to Limited Liability Company Law § 509, unless otherwise provided in an operating agreement, upon withdrawing as a member of a limited liability company, a withdrawing member "is entitled to receive, within a reasonable time after withdrawal, the fair value of his or her membership interest in the limited liability company as of the date of withdrawal." Here, the only evidence supporting the defendants' claim that they offered the plaintiff the fair value of the decedent's interest in Ocean Rich as of the date of withdrawal was their attorney's affirmation, which had no probative or evidentiary value (see Onewest Bank, FSB v Michel, 143 AD3d 869, 871). Accordingly, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the fifth cause of action, which sought a distribution upon withdrawal pursuant to Limited Liability Company Law § 509. The Supreme Court should therefore have denied that branch of the defendants' converted motion without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [internal quotation marks omitted]; see Tekni-Plex, Inc. v Meyer & Landis, 89 NY2d 123, 131; Sharifi-Nistanak v Coccia, 119 AD3d 765). "A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Kelleher v Adams, 148 AD3d 692, 692 [internal quotation marks omitted]; see Matter of Rovner v Rantzer, 145 AD3d 1016; Lipschitz v Stein, 65 AD3d 573, 576; Gulino v Gulino, 35 AD3d 812). "The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination" (Kelleher v Adams, 148 AD3d at 692-693 [internal quotation marks omitted]; see Matter of Rovner v Rantzer, 145 AD3d at 1016; Lipschitz v Stein, 65 AD3d at 576; Gulino v Gulino, 35 AD3d at 812). However, doubts as to the existence of a conflict of interest are resolved in favor of disqualification in order to avoid even the appearance of impropriety (see Gjoni v Swan Club, Inc., 134 AD3d at 897; Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187, 188).
" One who has served as attorney for a corporation may not represent an individual shareholder in a case in which his interests are adverse to other shareholders'" (Morris v Morris, 306 AD2d 449, 452, quoting Matter of Greenberg [Madison Cabinet & Interiors], 206 AD2d 963, 965; see Gordon v Ifeanyichukwu Chuba Orakwue Obiakor, 117 AD3d 681, 683). Here, the plaintiff alleged in an affidavit that the defendants' counsel was involved in the formation of Ocean Rich, and the defendants' counsel admitted that he had represented Ocean Rich in "various past matters." Counsel's prior representation of Ocean Rich "was in fact represent[ation of] its [three] shareholders," whose competing interests are at issue in this action (Matter of Fleet v Pulsar Constr. [*3]Corp., 143 AD2d at 189). Likewise, counsel's involvement in the formation of Ocean Rich and his representation of it against third parties was "substantially related" to the present action (Gjoni v Swan Club, Inc., 134 AD3d at 897 [internal quotation marks omitted]; see Tekni-Plex, Inc. v Meyer & Landis, 89 NY2d at 131; Sharifi-Nistanak v Coccia, 119 AD3d at 765). Since the defendants' counsel was "in a position to receive relevant confidences" from the decedent, whose estate's interests "are now adverse to the defendant[s'] interests," the Supreme Court should have granted that branch of the plaintiff's cross motion which was to disqualify the defendants' counsel (Gordon v Ifeanyichukwu Chuba Orakwue Obiakor, 117 AD3d at 683; see Tekni-Plex, Inc. v Meyer & Landis, 89 NY2d at 131; Gjoni v Swan Club, Inc., 134 AD3d at 897; Sharifi-Nistanak v Coccia, 119 AD3d at 765).
The plaintiff's remaining contention, that the Supreme Court erred in denying that branch of her cross motion which was for leave to amend her complaint, is without merit (see Grant v Brooklyn Ctr. for Rehabilitation & Residential Health Care, LLC, 153 AD3d 798; Epstein v Fried, 150 AD3d 691, 692-693; Strunk v Paterson, 145 AD3d 700, 701; Markowits v Friedman, 144 AD3d 993, 995).
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court