Matter of DeNobile v Panetta (2018 NY Slip Op 07722)





Matter of DeNobile v Panetta


2018 NY Slip Op 07722


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-03452
 (Index No. 604199/14)

[*1]In the Matter of John DeNobile, etc., et al., appellants- respondents, 
v
Thomas Panetta, et al., respondents- appellants; Michael Garnick, nonparty-respondent.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for appellants-respondents.
Nixon Peabody LLP, Buffalo, NY (Erik A. Goergen and Daniel J. Hurteau of counsel), for respondents-appellants.
Fellheimer & Eichen LLP, New York, NY (Alan S. Fellheimer of counsel), for nonparty-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to disqualify the law firm of Nixon Peabody LLP, from representing Thomas Panetta and Thomas Panetta M.D. Vascular Surgery, PLLC, in an arbitration proceeding, the petitioners appeal, and Thomas Panetta and Thomas Panetta M.D. Vascular Surgery, PLLC, cross-appeal, from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered March 7, 2016. The order, insofar as appealed from, granted that branch of the motion of nonparty Michael Garnick to permanently stay the subject arbitration insofar as asserted against him by the petitioners Mark Teitelbaum, derivatively on behalf of Axcess I, LLC, and Salvatore Coluccio, derivatively on behalf of Brooklyn Axcess, LLC. The order, insofar as cross-appealed from, granted the petition to disqualify.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the motion of nonparty Michael Garnick which was to permanently stay arbitration of claims asserted against him by Mark Teitelbaum, derivatively on behalf of Axcess I, LLC, and by Salvatore Coluccio, derivatively on behalf of Brooklyn Axcess, LLC, is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioners, payable by the respondents appearing separately and filing separate briefs.
John DeNobile, derivatively on behalf of Axcess, Inc., Mark Teitelbaum, derivatively on behalf of Axcess I, LLC and Salvatore Coluccio, derivatively on behalf of Brooklyn Access, LLC (hereinafter collectively the petitioners), commenced an arbitration proceeding against Michael Garnick, Thomas Panetta, Thomas Panetta M.D. Vascular Surgery PLLC (hereinafter together Panetta), Axcess, Inc., Axcess I, LLC, and Brooklyn Axcess, LLC. Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 75 to disqualify the law firm of Nixon Peabody [*2]LLP (hereinafter the law firm), from representing Panetta in the arbitration, and Garnick moved to permanently stay the arbitration against him. In the order appealed from, the Supreme Court granted the petition to disqualify the law firm from representing Panetta in the arbitration, and that branch of Garnick's motion which was to permanently stay arbitration against him of Teitelbaum and Coluccio's claims.
The Supreme Court providently exercised its discretion in disqualifying the law firm. The petitioners demonstrated that the law firm's prior representation of Axcess Inc., Axcess I, LLC, and Brooklyn Axcess, LLC, on behalf of which DeNobile, Teitelbaum, and Coluccio, respectively, were asserting claims derivatively in the arbitration, was on matters substantially related to the arbitration, and it is undisputed that the interests of those former clients are materially adverse to Panetta's interests in the arbitration (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123; Gjoni v Swan Club, Inc., 134 AD3d 896, 897).
However, the Supreme Court should have denied that branch of Garnick's motion which sought a permanent stay of arbitration of the claims against him by Teitelbaum and Coluccio, derivatively on behalf of Axcess I, LLC, and Brooklyn Axcess, LLC, respectively. Axcess I, LLC, and Brooklyn Axcess, LLC, are not signatories to the Axcess, Inc., shareholders agreement that contains the arbitration clause. Nevertheless, Garnick is estopped from avoiding arbitration with them based on the relatedness between Axcess, Inc., and its subsidiaries, Axcess I, LLC, and Brooklyn Axcess, LLC, and the agreements and controversies at issue, which are intertwined with the Axcess, Inc., shareholders agreement containing the arbitration clause, to which Garnick is a signatory (see Ragone v Atlantic Video at Manhattan Center, 595 F3d 115, 126-127 [2d Cir]; JLM Industries, Inc. v Stolt-Nielsen, SA, 387 F3d 163, 178 [2d Cir]; Choctaw Generation L.P. v Am. Home Assur. Co., 271 F3d 403, 406 [2d Cir]).
Garnick's remaining contention is without merit.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court