Janczewski v Janczewski (2019 NY Slip Op 01062)





Janczewski v Janczewski


2019 NY Slip Op 01062


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-02625
 (Index No. 2362/16)

[*1]Lori A. Janczewski, respondent, 
v
Adam J. Janczewski, appellant.


Ray, Mitev & Associates, LLP, Miller Place, NY (Vesselin Mitev of counsel), for appellant.
Lori A. Janczewski, Selden, NY, respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated February 13, 2018. The order granted the plaintiff's motion to disqualify the law firm representing the defendant from continuing to represent him in this action and denied the defendant's cross motion pursuant to 22 NYCRR 130-1.1(b) to impose sanctions against the plaintiff for frivolous conduct.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action for a divorce and ancillary relief in March 2016. In July 2016, she retained the law firm of Robert G. Venturo, P.C. (hereinafter Venturo), to represent her in the action. Between July 2016 and February 2017, attorney Nicole Berkman, an associate at Venturo, worked almost exclusively on the plaintiff's case, and the plaintiff shared personal and confidential information with Berkman. On February 13, 2017, Berkman left Venturo and became associated with the law firm of Ray, Mitev & Associates, LLP (hereinafter Ray, Mitev), which then represented the defendant in this action. When the plaintiff subsequently learned that Berkman had joined Ray, Mitev, she repeatedly asked Venturo to move to disqualify Ray, Mitev from continuing to represent the defendant, but Venturo failed to do so. Subsequently, Venturo successfully moved to withdraw from its representation of the plaintiff, and the plaintiff thereafter moved, pro se, to disqualify Ray, Mitev. The defendant opposed the motion and cross-moved to impose sanctions against the plaintiff for frivolous conduct. The Supreme Court granted the plaintiff's pro se motion and denied the defendant's cross motion.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiff's pro se motion to disqualify Ray, Mitev from continuing to represent the defendant. "A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [internal quotation marks omitted]; see Falk v Chittenden, 11 NY3d 73, 78; Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131). "A party's entitlement to be represented in ongoing litigation [*2]by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (Matter of Rovner v Rantzer, 145 AD3d 1016, 1016 [internal quotation marks omitted]). However, doubts as to the existence of a conflict of interest are resolved in favor of disqualification in order to avoid even the appearance of impropriety (see Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 608; Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187, 189; Gjoni v Swan Club, Inc., 134 AD3d at 897).
Here, the plaintiff's showing satisfied all three of the relevant factors, giving rise to an irrebuttable presumption of disqualification (see Tekni-Plex, Inc. v Meyner and Landis, 89 NY2d at 131; see also Falk v Chittenden, 11 NY3d 73; Kassis v Teacher's Ins. & Annuity Assn., 93 NY2d 611; Matter of Rovner v Rantzer, 145 AD3d at 1017; Halberstam v Halberstam, 122 AD3d 679, 679-680; Albert Jacobs, LLP v Parker, 94 AD3d 919, 919). Accordingly, based on the appearance of impropriety, disqualification was warranted (see Halberstam v Halberstam, 122 AD3d at 680; Albert Jacobs, LLP v Parker, 94 AD3d at 919; Wall St. Assoc. v Brodsky, 227 AD2d 301, 302).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court