Delaney v Roman (2019 NY Slip Op 06378)





Delaney v Roman


2019 NY Slip Op 06378


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-04626
 (Index No. 1857/15)

[*1]Kim Delaney, etc., et al., respondents,
v
Jonathan Roman, et al., defendants, Annmarie Porter, etc., appellant.


Vishnick McGovern Milizio LLP, Lake Success, NY (Jordan M. Freundlich of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Brian Thomas McCarthy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendant Annmarie Porter, individually and as the successor executor of the estate of Helen Frankowski, appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 4, 2017. The order, insofar as appealed from, granted the plaintiffs' cross motion to disqualify the law firm of Vishnick McGovern Milizio, LLP, from representing that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 23, 2013, Helen Frankowski died. She was survived by her three children, Annmarie Porter, John S. Frankowski, Sr., and Sandra Roman. Letters testamentary were issued by the Nassau County Surrogate's Court appointing John S. Frankowski, Sr. (hereinafter John Sr.), as executor of Helen's estate. John Sr. subsequently retained the law firm of Vishnick McGovern Milizio LLP (hereinafter VMM), to represent him in connection with his administration of Helen's estate.
In February 2014, John Sr. was killed by Jonathan Roman, Sandra's son, and John Sr.'s body was discovered buried in the woods behind Sandra's residence. In March 2014, letters testamentary were issued to Porter, appointing her as the successor executor of Helen's estate. Thereafter, Porter retained VMM to represent her in connection with the administration of Helen's estate.
In February 2015, John Sr.'s children, Kim Delaney, individually and as the administrator of John Sr.'s estate, and John S. Frankowski, Jr. (hereinafter together the plaintiffs), commenced this action against, among others, Jonathan, Sandra, and Porter, individually and as the executor of Helen's estate, to recover damages for, inter alia, wrongful death. The amended complaint alleged that Sandra and Porter conspired with Jonathan to kill John Sr. in order to take control of Helen's estate. VMM filed an answer on behalf of Porter, denying the allegations of the complaint.
Porter subsequently moved for leave to amend her answer to assert a counterclaim sounding in fraud and misrepresentation. The plaintiffs cross-moved to disqualify VMM from representing Porter. In the order appealed from, the Supreme Court granted Porter's motion and granted the plaintiffs' cross motion based upon VMM's prior representation of John Sr. Porter appeals from so much of the order as granted the plaintiffs' cross motion. We affirm the order insofar as appealed from.
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Halberstam v Halberstam, 122 AD3d 679, 679; see Cardinale v Golinello, 43 NY2d 288, 292; Matter of Erlanger [Erlanger], 20 NY2d 778, 779). The moving party bears the burden of showing that disqualification is warranted (see Aryeh v Aryeh, 14 AD3d 634). "A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and [the] opposing [party], (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [internal quotation marks omitted]; see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131; Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 607; Sharifi-Nistanak v Coccia, 119 AD3d 765, 765).
"A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (Matter of Rovner v Rantzer, 145 AD3d 1016, 1016 [internal quotation marks omitted]). "However, doubts as to the existence of a conflict of interest are resolved in favor of disqualification in order to avoid even the appearance of impropriety" (Janczewski v Janczewski, 169 AD3d 773, 774; see Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 608; Gjoni v Swan Club, Inc., 134 AD3d at 897; Halberstam v Halberstam, 122 AD3d 679; Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187, 189).
Here, it is undisputed that VMM had a prior attorney-client relationship with John Sr., and that it represented him in connection with his administration of Helen's estate. Furthermore, the plaintiffs demonstrated that VMM's representation of Porter in the instant action is substantially related to VMM's prior representation of John Sr., inasmuch as both representations involve the facts and circumstances surrounding the administration of Helen's estate, and "there is otherwise a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 Comment [3]). In addition, given the allegations in the complaint, the plaintiffs established that the interests of the present client and the former client are materially adverse. Porter's contention that the plaintiffs waived their right to seek VMM's disqualification is without merit (see Burton v Burton, 139 AD2d 554, 554). Accordingly, under the circumstances, the Supreme Court providently exercised its discretion in granting the plaintiffs' cross motion to disqualify VMM from representing Porter, individually and as the successor executor of Helen's estate (see Janczewski v Janczewski, 169 AD3d at 775; Deerin v Ocean Rich Foods, LLC, 158 AD3d at 608; Halberstam v Halberstam, 122 AD3d at 680; Albert Jacobs, LLP v Parker, 94 AD3d 919, 919; Sirianni v Tomlinson, 133 AD2d 391, 392).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court