Matter of Blauman-Spindler v Blauman (2020 NY Slip Op 03224)





Matter of Blauman-Spindler v Blauman


2020 NY Slip Op 03224


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-08582
 (Docket No. V-2803-19) (Docket Nos. V-2027-19, V-2902-19)

[*1]In the Matter of Tina Joi Blauman-Spindler, et al., appellants, 
v
Michael Blauman, respondent-respondent, et al., respondent. (Proceeding No. 1.)
In the Matter of Patricia G. Brooks, petitioner,Tina Joi Blauman-Spindler, et al., appellants. (Proceeding Nos. 2 and 3.)


Lawrence A. Weinreich, P.C., Garden City, NY, for appellants.
Gail Jacobs, Great Neck, NY, for respondent-respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the paternal grandparents of the child who is the subject of the proceedings appeal, by permission, from an order of the Family Court, Nassau County (Catherine Rizzo, J.), dated June 19, 2019. The order, in effect, granted the oral application of the father of the child to disqualify the attorney for the grandmother and disqualified that attorney.
ORDERED that the appeal by the grandfather is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed on the appeal by the grandmother; and it is further,
ORDERED that one bill of costs is awarded to father, payable by the grandmother.
In March 2019, the paternal grandparents (hereinafter the grandparents and separately the grandmother and the grandfather) filed a petition for custody of their grandchild alleging that it would be in the child's best interest for them to have custody because, inter alia, domestic violence issues existed between the mother and the father and both parents were drug users.
Although the grandparents were both represented by the attorney at issue at the time the petition was filed, at a court proceeding in April 2019, the grandfather was separately represented. At that time, the father made an oral application to disqualify the attorney for the grandmother on the ground of a conflict of interest. The father contended that counsel for the grandmother had previously represented him on an assault matter and a drug charge. The grandmother's attorney admitted that he had represented the father on two prior occasions but denied the existence of a conflict. In an order dated June 19, 2019, the Family Court, in effect, granted the application of the father to disqualify the grandmother's attorney and disqualified the attorney.
" The disqualification of an attorney is a matter that rests within the sound discretion of the court'" (Delaney v Roman, 175 AD3d 648, 649, quoting Halberstam v Halberstam, 122 AD3d 679, 679). "The moving party bears the burden of showing that disqualification is warranted" (Halberstam v Halberstam, 122 AD3d at 679). " A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse'" (Gjoni v Swan Club Inc., 134 AD3d 896, 897, quoting Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC, 109 AD3d 549, 550 [internal quotation marks omitted]). "When the moving party is able to demonstrate each of these factors, an irrebuttable presumption of disqualification follows" (Moray v UFS Indus., Inc., 156 AD3d 781, 782).
The right to be represented by counsel of one's own choosing " will not supercede a clear showing that disqualification is warranted'" (Gjoni v Swan Club, Inc., 134 AD3d at 897, quoting Matter of Marvin Q., 45 AD3d 852, 853). "[D]oubts as to the existence of a conflict of interest are resolved in favor of disqualification in order to avoid even the appearance of impropriety" (Janczewski v Janczewski, 169 AD3d 773, 774).
Here, we agree with the Family Court's determination to grant the father's application to disqualify the attorney for the grandmother. The father established that the attorney's prior representation of him created a substantial risk of prejudice such that the appearance of a conflict of interest was sufficient to warrant disqualification (see Wiederman v Halpert, 172 AD3d 1442, 1444).
The grandmother's remaining contentions are without merit.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court